Donna THOMAS; John Tiedeman, by and through his parents Mr. & Mrs. Henry Tiedeman; David Jones, by and through his parents Mr. & Mrs. John E. Jones; Richard Williams, by and through his parents Mr. & Mrs. Arthur F. Williams, Plaintiffs,

v.

BOARD OF EDUCATION, Granville Central School District; William E. Butler; Don L. Miller; Frederick J. Reed; Beverly Tatko; Robert L. Flower; Terry M. Knipes; Walter Perry, III; Frank P. Villano; Donald Binck; Marie Vanderminden; and Theresa McCauliffe; each individually and in their official capacities, Defendants.

No. 79–CV–80.

United States District Court, N. D. New York.

Jan. 6, 1981.

Richard Emery, New York Civil Liberties Union, New York City, for plaintiffs; Richard B. Wolf, Albany, N. Y., of counsel.

Caffry, Pontiff, Stewart, Rhodes & Judge, Glens Falls, N. Y., for defendants; H. Wayne Judge and Marti Anne Ellermann, Glens Falls, N. Y., of counsel.

## MEMORANDUM–DECISION and ORDER

### JAMES T. FOLEY, District Judge.

In an Order of Judgment signed by me on May 19, 1980, this Court determined that plaintiffs as prevailing parties are entitled to an award of attorneys' fees pursuant to Title 42 U.S.C. § 1988. My decision in the case is reported in 478 F.Supp. 114 (1979). It was reversed and remanded in certain aspects with eloquent writing by Chief Judge Irving R. Kaufman. 607 F.2d 1043 (2d Cir.), cert. denied, 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980). Circuit Judge Jon O. Newman concurred in the result in a substantial opinion with many qualifications. See also Pico v. Bd. of Ed., Island Trees Union Free School District, (2d Cir.), 638 F.2d 404 (2d Cir. 1980). The amount of the award that plaintiffs' attorneys, Richard B. Wolf and Richard Emery, are entitled to must now be determined. The plaintiffs' counsel request that they be awarded a total of $23,172.95 in attorneys' fees. Both attorneys have submitted separate affidavits that detail the services rendered in representing plaintiffs, accompanied by counsels' estimates of the number of hours expended to perform such services. Therefore, there has been adequate compliance with the stringent record keeping requirements mandated by City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974). See Firebird Society, etc. v. Board of Fire Commissioners, 556 F.2d 642, 643 (2d Cir. 1977).

In computing an attorneys' fee award, the initial responsibility of the Court is to determine the number of hours an attorney worked, and to multiply this number by an hourly charge that attorneys of like skill in the field would normally be compensated. City of Detroit v. Grinnell Corp., supra, 495 F.2d at 471. The separate affidavits of plaintiffs' counsel must be reviewed with application of common sense and practical experience to consider whether the amount of hours claimed reasonably reflect the quantity and the quality of the work performed.

In the affidavit and supplemental affidavit in support of his motion for an award of attorneys' fees, Attorney Richard Emery states that he has worked a total of 181.75 hours at the rate of $105 per hour, totalling $19,083.75. The total number of hours includes time spent on client conferences, conducting depositions, preparation and argu-

ment for a preliminary injunction, and appellate work. Also included is time spent on this motion for an award of attorneys' fees and twenty-one hours spent on travelling.

■ In reviewing the affidavits of Mr. Emery, the hours claimed by him appear to be reasonable except for the twenty-one hours of travelling time. In my judgment, these hours computed in this manner should not be compensated for in an award of attorneys' fees. Therefore, Mr. Emery will be compensated for a total of 160.75 hours. This number includes the time spent on the fee application, which is in the court's discretion to award, *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979), aff'd 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Bagby v. Beal*, 606 F.2d 411 (3rd Cir. 1979); *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978).

■ The next step in determining an award of attorneys' fees is to arrive at a reasonable hourly charge. With an "eye to moderation" in order to avoid either the reality or appearance of awarding "windfall fees", *City of Detroit v. Grinnell Corp.*, supra, 495 F.2d at 469, this Court finds an hourly rate of $50 to be appropriate rather than the $105 claimed by Mr. Emery. The rate to be applied in this case is comparable with awards made to legal services offices in areas other than Metropolitan New York City. *See, e. g., Gagne v. Maher, supra,* ($45/hour); *Chatterton v. Blum*, 78–CV–305 (N.D.N.Y.1980) ($50/hour); *Moss v. Shang*, 77–CV–404 (N.D.N.Y.1980) ($50/hour); *Stolt v. Blum*, 78–CV–361 (W.D.N.Y.1979) ($50/hour); *Kulkarni v. Nyquist*, 446 F.Supp. 1274, 1281 (N.D.N.Y. 1977) ($40/hour). Plaintiffs' counsel agree that the hourly rate in upstate New York is lower than the Metropolitan New York City area. This lower rate is reflected in the amount of the award.

In determining the award in this action as well as the award in *Kulkarni v. Nyquist*, 446 F.Supp. 1274 (N.D.N.Y.1977), this Court was guided by the factors and reasoning in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See King v. Greenblatt*, 560 F.2d 1024, 1026–27

(1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). I considered such factors as the time and labor required, the novelty and difficulty of the question presented and the experience, reputation and ability of the attorneys. It is my judgment that a fee of $50 per hour is a fair and reasonable sum given the importance, extent and complexity of the work performed.

■ In my judgment the ability of the defendants to pay this award should also be considered in all cases. In awarding attorneys' fees, the defendants' financial status is a factor that should be weighed in fixing an appropriate amount. *Faraci v. Hickey-Freeman Company, Inc.*, 607 F.2d 1025 (2d Cir. 1979). The court in *Faraci* stated that:

> because fee awards are at bottom an equitable matter, *Hall v. Cole*, 421 U.S. 1 [93 S.Ct. 1943, 36 L.Ed.2d 702] (1973), courts should not hesitate to take the relative wealth of the parties into account. See *Bradley v. Richmond School Board*, 416 U.S. 696, 718 [94 S.Ct. 2006, 2019, 40 L.Ed.2d 476] (1974); *Sproges v. United Air Lines, Inc.*, 517 F.2d 387, 390 (7th Cir. 1975); *Flora v. Moore*, 461 F.Supp. 1104, 1122 (N.D.Miss.1978).

*Id.*, at 1028. Although the plaintiffs' counsel has agreed to hold no individuals liable for attorneys' fees, this rural school district and its supporting taxpayers with very modest incomes would be hard-pressed to pay an award substantially greater than the amount of fees awarded herein. There is a very recent Second Circuit case reviewing the case law on the subject of attorney fees. *Cohen v. West Haven Bd. of Police Commission et al.*, (2d Cir.), 638 F.2d 496 (2d Cir., 1980).

■ The other counsel, Richard B. Wolf, the attorney in the initial stages of this action, has set forth in his application and affidavit in support for his motion for an award of attorneys' fees a schedule of services for the month of February 1979. He alleges that he worked 45.75 hours and that he should be compensated at the rate of $75 per hour. The hours claimed by counsel

appear to the Court to reasonably reflect the services performed. The work of this counsel consisted of such things as the preparation and argument for a Temporary Restraining Order and a Preliminary Injunction and the taking of defendants' depositions.

The hourly rate to be multiplied to these hours must be determined by using the same considerations that were used in arriving at an hourly rate for the work of Attorney Emery. With those considerations in mind, it is my judgment that a fee of $40 per hour is a fair and reasonable sum given the importance, extent and complexity of the work performed by Mr. Wolf.

Plaintiffs' counsel also includes $657.95 for expenses for such things as travelling, telephone bills and photocopying. Attorneys' fee awards can include reasonable out-of-pocket expenses incurred by the attorney that are normally charged to a fee-paying client in the course of providing legal services. *Northcross v. Board of Education of Memphis*, 444 F.2d 1179 (6th Cir. 1979). In these circumstances this amount appears to be reasonable and therefore can be recovered by the plaintiffs.

The amount awarded in this action is not lessened in any way because plaintiffs' counsel is a salaried public interest lawyer. Second Circuit cases have established that salaried public interest lawyers are to be compensated at commercial rates without regard to their cost to the organization for which they work. *Beazer v. New York City Transit Authority*, 558 F.2d 97, 100 (2d Cir. 1977), *rev'd on other grounds*, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979); *Torres v. Sachs*, 538 F.2d 10 (2d Cir. 1976); *Equal Employment Opportunity Commission v. Enterprise Association Steamfitters*, 542 F.2d 579, 592–3 (2d Cir. 1976), *cert. denied*, 430 U.S. 911, 97 S.Ct. 1186, 51 L.Ed.2d 588 (1977); *Jordan v. Fusari*, 496 F.2d 646, 649 (2d Cir. 1974). *See Palmigiano v. Garrahy*, 599 F.2d 17 (1st Cir. 1980); *Mary and Crystal v. Ramsden*, 635 F.2d 590, (7th Cir. November 21, 1980).

So viewed, plaintiffs' counsel are entitled to an award of attorneys' fees in the sum of $9,867.50, the sum equal to $50 per hour times 160.75 hours worked by Attorney Richard Emery plus $40 per hour times 45.75 hours worked by Attorney Richard B. Wolf. The award will also include $657.95 for expenses. The total amount awarded is $10,525.45. A judgment shall be submitted by the attorney for the plaintiffs accordingly, if consented to; otherwise settled on five (5) days notice.

It is so Ordered.