718 F.2d 206
 Michael GREER, Plaintiff-Appellant,
v.
J.D. HOLT, T.L. Leggett, C.M. Arquitt, Ronnie L. Hughes, T.
Lucchesi and Earl Ray Collier, Individually and in
their capacity as officers in the Shelby
County Sheriff's Office,
Defendants-Appellees.
 No. 80-1548.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 1, 1983.
Decided Oct. 11, 1983.
 
 G. Philip Arnold, Memphis, Tenn., argued, for plaintiff-appellant.
 James W. Pate, R. Lee Winchester, Jr., H. Wallace Maroney, Jr., Memphis Tenn., argued, for defendants-appellees.
 Before LIVELY and MERRITT, Circuit Judges, PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff's attorneys appeal an order of the District Court for the Western District of Tennessee granting limited attorneys' fees to them. Plaintiff, Michael Greer, filed the underlying suit seeking damages from various defendants who were members of the Shelby County, Tennessee, Sheriff's Department. Greer alleged at trial that several of the defendants had assaulted and beaten him while he was in their custody. He claimed other defendants supervised, permitted, or covered up the assaults. The District Judge dismissed defendants Sheriff Eugene Barksdale and Shelby County, and granted a directed verdict in favor of defendant T.L. Leggett. The jury found for the plaintiff against three of the remaining defendants and awarded damages to Greer totaling $5,550. The District Court entered a reduced award of $3,000 against the three defendants.
 
 
 2
 At the conclusion of the trial, the plaintiff's two attorneys, Ms. Nancy Sorak and Ms. Veronica Coleman, filed a motion to assess attorneys' fees to which the defendants did not respond. The District Court entered an order on June 30, 1980 granting the two attorneys only a small percentage of their requested fees. The attorneys now claim that the trial judge erred by failing to specify the reasons for denying full compensation and by allowing inadequate fees under the Civil Rights Attorney's Fees Awards Act of 1976 which amended 42 U.S.C. Sec. 1988.
 
 
 3
 Mr. Greer is a several times convicted felon who was involved in fights and incidents in jail prior to the episode involved in this case. His only witnesses to the alleged beatings were fellow convicted felons, who, at best, had limited views of what occurred between the guards and Greer in his cell.
 
 
 4
 Prior to Greer's filing the Sec. 1983 action, the sheriffs brought criminal charges in state court against Greer. He was charged with three counts of assault and battery on a police officer. The attorneys, Sorak and Coleman, represented Greer in the criminal case as well as the civil case and obtained verdicts for their client in both forums. The attorneys declined on behalf of their client a plea bargain in the criminal action because they reasoned that a guilty plea would preclude a judgment in federal court for damages under Sec. 1983. See Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Attorneys Sorak and Coleman now claim that the District Court erred by not compensating them for work done in state court defending Greer against the criminal charges because a victory in the criminal case was a necessary predicate to the civil action.
 
 
 5
 We decline to approve the award of attorneys' fees for work done by these attorneys in connection with the criminal defense. The attorneys have raised an interesting theory in this regard, but we hold that their claim falls outside the statutory language of Sec. 1988.[1]
 
 
 6
 Section 1988 provides in relevant part that:In any action or proceeding to enforce a provision of [section] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 7
 42 U.S.C. Sec. 1988.
 
 
 8
 The attorneys have cited several cases which purport to show how courts have expanded their interpretation of the statute's qualifying phrase "[i]n any action or proceeding to enforce." See, e.g., Ciechon v. City of Chicago, 686 F.2d 511 (7th Cir.1982). In each case, however, the courts have found that administrative or state court hearings in the same action may be included in the term "proceeding" and have granted attorneys' fees. While the operative facts were identical in Greer's state criminal and in his federal civil rights cases, the actions were not the same. We do not believe that the term "proceeding" in Sec. 1988 is broad enough to include defense of a criminal case. To hold otherwise would amend the statutory language "any action to enforce" to read "any action related to an action to enforce." Strategically, the attorneys for Greer had little choice but to pursue a full defense to the criminal charges before bringing the civil action for damages. Yet, this strategic decision does not make the criminal action part of the enforcement process under the Civil Rights Act. The requirement that the collateral matter, action or proceeding be part of the "same action" on which plaintiffs prevailed is not satisfied.
 
 
 9
 We do find, however, that the District Court below erred by failing to set out in its order denying the bulk of the requested fees exactly why the fees were rejected or limited. The District Court's order stated in a conclusory way that since "part of the services involved in this case involve charges that were established to have no substantial merit and therefore considerable time was involved in presenting proof and evidence against a defendant or defendants who could not be responsible as claimed," the court limited the award to $3,500 for both attorneys. The District Court failed to address the elements which this Court has determined must be considered when granting attorney's fees. In Northcross v. Board of Educ. of Memphis City Schools, 611 F.2d 624 (6th Cir.1979), we stressed that:
 
 
 10
 We understand that the findings of fact which are required to substantiate a court's exercise of its discretion in making a fee award are frequently very complicated. Nevertheless, both the court's findings and its mode of analysis must be clear to enable an appellate court to intelligently review the award. The plaintiffs are entitled to some explanation of the reasoning used to exclude those hours which were cut.... That which is arbitrary or conclusory is not reasonable, and is not fair to either of the parties involved.
 
 
 11
 Id. at 632, 636. See also Hensley v. Eckerhart, --- U.S. ----, 103 S.Ct. 1933, 1941-42, 76 L.Ed.2d 40 (1983).
 
 
 12
 We included a list of twelve factors which should be considered in setting reasonable attorney's fees. Northcross, supra, at 642. The District Court did not spell out the compensation rate or the hours allowed. Three additional factors of particular importance to this case are: the contingent nature of the fee; the "undesirability" of the case; and the results obtained. Attorneys Sorak and Coleman clearly accepted an unpopular case involving a client whose status in the community could hardly have been worse, whose only witnesses were convicted felons and who was indigent. The attorneys represented this man on a purely contingent basis with great odds weighing against any recovery. Finally, they won both the criminal and the civil case by convincing two juries that the civil rights of their client had been violated. At the least, the District Court must respond to these aspects of the case if the Court, on remand, denies the attorneys their full request for fees.
 
 
 13
 For these reasons, we remand this case to the District Court for a recalculation of attorneys' fees to be awarded to Ms. Coleman and Ms. Sorak under 42 U.S.C. Sec. 1988.
 
 
 
 [1]
 We express no opinion as to whether the client could recover attorneys' fees as part of a damage package as, for example, in a malicious prosecution suit. See, e.g., Kerr v. City of Chicago, 424 F.2d 1134, 1141 (7th Cir.1970) and cases cited therein