Mary C. FIACCO, Plaintiff,

v.

CITY OF RENSSELAER, NEW YORK, Police Chief James Stark, Police Officer Edward Meyer, and Police Officer Kevin Harrington, Defendants.

No. 82–CV–258.

United States District Court, N.D. New York.

June 25, 1987.

Robert W. Redmond, Troy, N.Y., for plaintiff.

Carter, Conboy, Bardwell, Case & Blackmore, Albany, N.Y., for defendants; Gregory S. Mills, Terence P. O'Connor, John R. Ray, of counsel.

## MEMORANDUM–DECISION AND ORDER

CHOLAKIS, District Judge.

Plaintiff Mary C. Fiacco brought this 42 U.S.C. § 1983 (1982) action against defendants City of Rensselaer, its Police Chief James Stark and police officers Edward Meyer and Kevin Harrington. On the morning of April 4, 1981, plaintiff was arrested for disorderly conduct by the defendant officers. Plaintiff alleged that the officers used excessive force in the arrest in violation of her constitutional rights. Plaintiff also brought state law claims for malicious assault and negligence in failing to provide prompt medical attention for her injuries. Against the City of Rensselaer and its police chief, plaintiff alleged a violation of constitutional rights based on a continuing failure to instruct its police officers and discipline them when they used excessive force in making an arrest. Plaintiff brought a pendent state claim against the City and its police chief on these same grounds and added a claim for alleged negligent instruction and supervision of its of-

ficers in providing medical care to those injured during an arrest.

At the conclusion of a jury trial before the Hon. Virgil Pittman, plaintiff was awarded $75,000.00 in compensatory damages for the deprivation of her civil rights and $1,000.00 in compensatory damages for injuries caused by defendants' negligence. The negligence award was reduced to $850.00 due to the jury's finding that plaintiff was 15% contributorily negligent.

Following trial, pursuant to Fed.R.Civ. Proc. 59, defendants filed a motion for new trial on a number of grounds including that the verdict was contrary to the law and against the weight of the evidence and that the verdict was excessive. Judge Pittman, in an order dated February 12, 1985, granted defendants a new trial on the issue of damages unless plaintiff agreed to a remittitur of her § 1983 claim in the amount of $50,000.00. Plaintiff accepted the remittitur.

On appeal to the Second Circuit Court of Appeals, defendants challenged that part of the judgment holding them liable for damages on the § 1983 claim. It was defendants' principal contention that insufficient evidence was presented to establish that the City of Rensselaer had a custom or policy of negligent supervision of its police officers, amounting to a deliberate indifference of constitutional rights. Defendants asserted that the trial court erred in admitting into evidence past unadjudicated claims of brutality by the City police. Defendants also argued that the jury's liability verdicts were inconsistent and against the weight of the evidence. Plaintiff cross-appealed arguing that the conditional order of remittitur violated her Seventh Amendment right to jury trial and was, in any event, unwarranted.

The Second Circuit rejected defendants' challenges, dismissed plaintiff's cross-appeal and affirmed the judgment of the trial judge in all respects. *Fiacco v. City of Rensselaer, New York,* 783 F.2d 319 (2d

Cir.1986). A petition for writ of certiorari to the United States Supreme Court was denied on March 9, 1987. —— U.S. ——, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987). Presently before this Court is plaintiff's motion for attorney's fees for services rendered in the Second Circuit.[1]

Title 42 U.S.C. § 1988 (1978) provides: In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title ..., the court, in its discretion, may allow the prevailing party, other then the United States, a reasonable attorney's fee as part of the costs.

■ Fees for representing a client in an appellate court, while not specifically mentioned in § 1988, are clearly permitted. *Hutto v. Finney,* 437 U.S. 678, 685, 98 S.Ct. 2565, 2570, 57 L.Ed.2d 522 (1978); *Hastings v. Maine-Endwell Central School District, New York,* 676 F.2d 893, 896–97 (2d Cir.1982). Plaintiff, although unsuccessful in reversing the remittitur order, clearly was the "prevailing party" on the appeal by virtue of the affirmance. *See Hastings,* 676 F.2d at 896–97; *Boudin v. Thomas,* 732 F.2d 1107, 1111 (2d Cir. 1984). In any event, defendants do not challenge plaintiff's entitlement to attorney's fees for services rendered on the appeal.

The Second Circuit has cautioned that attorney's fees are to be awarded "with an 'eye to moderation', seeking to avoid either the reality or the appearance of awarding 'windfall fees.'" *New York State Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1139 (2d Cir.1983) (quoting *Beazer v. New York City Transit Authority,* 558 F.2d 97, 101 (2d Cir.1977)). The Supreme Court, in reviewing the legislative history behind § 1988, has stated that the following factors should be considered in determining a reasonable attorney's fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal

---

1. Attorney's fees and reasonable expenses were previously awarded for services rendered during trial. Order of Judge Pittman, dated February 14, 1985. After affirming the judgment for plaintiff, the Second Circuit Court of Appeals remanded to this Court the present application for attorney's fees for services rendered on the appeal. Order 2d Cir. April 14, 1986.

service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart,* 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 1937 n. 3, 76 L.Ed.2d 40 (1983).

In computing a reasonable attorney's fee, the Second Circuit has employed a two-step procedure. First, this Court must establish a "lodestar" figure by multiplying the number of hours reasonably expended by the attorney by the hourly rate customarily charged for similar litigation by attorneys of like skill in the area. As a second step, the Court may, in its discretion, adjust the lodestar figure depending on certain subjective factors. *Cohen v. West Haven Board of Police Commissioners,* 638 F.2d 496, 505 (2d Cir.1980). *See also Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984).

Detailed contemporaneous time records of services rendered on the appeal have been submitted as mandated by the Second Circuit. *See Carey,* 711 F.2d at 1147–48 (2d Cir.1983); *City of Detroit v. Grinnell Corp. (Grinnell II),* 560 F.2d 1093, 1099–1100 (2d Cir.1977). In the application for attorney's fees, plaintiff's appellate counsel, Robert W. Redmond, has specified the date, the time expended, and the nature of the work done for each entry. Based upon this documentation, an attorney's fee request for 128.51 [2] hours at a rate of $75.00 per hour computes to a lodestar figure of $9,638.25. An upward adjustment of 25% is also sought, bringing the total fee re-

quest to $12,047.81. Reasonable litigation expenses of $152.82 are also sought, making the total requested award $12,200.63.

■ In determining the number of hours reasonably expended on the appeal, the application must be reviewed "to consider whether the amount of hours claimed reasonably reflect the quantity and the quality of the work performed." *Thomas v. Board of Education,* 505 F.Supp. 102, 103 (N.D.N.Y.1981). In accordance with this Circuit's requirements, attached as part of the application are time sheets identifying the date, the nature of the work involved and the time expended. *McCann v. Coughlin,* 698 F.2d 112, 131 (2d Cir.1983). Defendants do not challenge the number of hours specified in the time sheets. In this Court's determination, the 128.51 hours expended on the appeal appear reasonable and necessary especially given the novel issue, raised on appeal, of municipal liability under § 1983.

As a second step in establishing a "lodestar" figure, a reasonable hourly rate must be determined "according to the normal rate in the legal community for substantially similar work by competent practitioners." *McCann,* 698 F.2d at 130. Different rates of compensation are awarded depending upon the litigation task performed. *Cohen,* 638 F.2d at 505; *Polk v. New York State Department of Correctional Services,* 722 F.2d 23 (2d Cir.1983). Finally, consideration must be given to the hourly rates awarded in similar cases in the Northern District of New York. *Capozzi v. City of Albany,* 565 F.Supp. 771, 775 (N.D.N.Y. 1983).

■ In his application, attorney Redmond seeks a rate of $75.00 per hour for all work performed during the appeal. Attached as exhibits to the application are the affidavits of local attorneys who attest that $75.00 per hour is an appropriate rate for services rendered in civil rights cases by an

---

**2.** The number of hours devoted to the appeal comes to 113.51 as of the date of oral argument, August 26, 1985. Plaintiff's counsel expected to expend an additional 15–20 hours in preparation of this application. This Court will award compensation for 15 hours spent on the fee

application. *New York State Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983). *Gagne v. Maher,* 594 F.2d 336, 343–44 (2d Cir.1979), *aff'd on other grounds,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

attorney with Mr. Redmond's skill, experience, and reputation. It is the judgment of this Court that compensation at a maximum rate of $75.00 per hour is consistent with the rate normally awarded for work done by attorneys of similar skill in this district. *See, e.g., Capozzi,* 565 F.Supp. at 775; *Visser v. Magnarelli,* 542 F.Supp. 1331, 1338 (N.D.N.Y.1982).

As previously noted, the rate of compensation varies according to the character of the task performed. In particular, it has been the practice of the courts in this district to separate the work necessarily performed by an attorney from tasks traditionally performed by a clerk. *See, e.g., Capozzi,* 565 F.Supp. at 775. According to the time sheets, attorney Redmond devoted 12.31 hours to perform clerical tasks such as the photocopying, forwarding and delivering of court papers and correspondence. In this Court's judgment, these tasks are routinely clerical in nature and will be compensated at a reduced rate of $20 per hour.

■ Attorney Redmond also seeks compensation for the 11.50 hours spent in travelling between his home in Clifton Park, New York and the Federal Courthouse at Foley Square, New York City. Whether such hours are compensable under § 1988 and, if so, at what rate has been a matter of disagreement among the courts. Compensation seems particularly appropriate where, in a case such as this, an attorney is required to appear in an appellate court in an out-of-town city. It is the prevailing view of the courts in this Circuit to award compensation for necessary travel time at a reduced rate. *See, e.g., Society for Good Will to Retarded Children,* 574 F.Supp. 994, 997–98 (E.D.N.Y.1983) ("time [attorney] spent in transit may have been beneficial, but it probably was not as productive as time at the office or court"). Reasonable compensation for travel time is set, in this Court's judgment, at an hourly rate of $40.

■ An upward adjustment of 25% to the award of attorney's fees is also sought on the basis of the risk involved, the complexity of the case, the results achieved, and superior advocacy. *See Society for*

*Good Will to Retarded Children v. Cuomo,* 574 F.Supp. 994 (E.D.N.Y.1983). The Supreme Court, in *Blum v. Stenson,* 465 U.S. 886, 898–99, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984), has expressly stated that neither the complexity nor novelty of the issues is an appropriate consideration in deciding whether to grant an upward adjustment in an award. Such considerations are, as in this case, reflected in computing the reasonable number of hours. Similarly, the results obtained and quality of representation are included in the initial calculation of a reasonable fee. *Id.* at 899–901, 104 S.Ct. at 1549–50. Instead, an upward adjustment may be justified "only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that which one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'" *Id.* at 899, 104 S.Ct. at 1549. *See Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). No such specific evidence has been presented and, therefore, any upward adjustment of the award is not warranted.

Plaintiff's application for attorney's fees also requests reimbursement for expenses incurred in travelling, for postage and for telephone calls in the amount of $152.82. The amounts specified are reasonable out-of-pocket expenses needed for providing legal services and are customarily awarded to the prevailing party. Accordingly, plaintiff is entitled to reimbursement for these necessary expenses. *Capozzi,* 565 F.Supp. at 777; *Thomas,* 505 F.Supp. at 102.

In conclusion, plaintiff is entitled to an award of attorney's fees and expenses as follows:

Attorney's Fees

| | | |
|---|---|---|
| 104.70 hours at $75 per hour | = | $7,852.50 |
| 11.50 hours at $40 per hour | = | $ 460.00 |
| 12.31 hours at $20 per hour | = | $ 246.20 |
| Costs and Disbursements | = | $ 152.82 |
| Total Award | | $8,711.52 |

It is therefore ORDERED that the plaintiff recover from the defendants $8,711.52

for attorney's fees and expenses for services rendered on the appeal.