**Donald McKEVER and Barbara McKever on their own behalf and on behalf of their minor children, Perry Tyrone Hamilton, Deanna Giovanna Hamilton and Rassoul Hassen Hamilton, Plaintiffs,**

**v.**

**Valerie VONDOLLEN, Leroy Layman, William Murphy, Charles C. Arsenault, Peter E. Manns, Kenneth C. Kennedy and the City of Albany, Defendants.**

**Nos. 83–CV–780, 84–CV–1329.**

United States District Court, N.D. New York.

March 9, 1988.

Walter, Thayer & Long (Lanny E. Walter, Mary Jo Long, Anita Thayer, of counsel), Albany, N.Y., for plaintiffs.

Vincent J. McArdle, Jr., Corp. Counsel, City of Albany (John L. Shea, Asst. Corp. Counsel, of counsel), Albany, N.Y., for defendants City of Albany, Layman, Arsenault and Manns.

Casey, Yanas, Clyne, Mitchell & Amerling (John J. Clyne, of counsel), Albany, N.Y., for defendant Vondollen.

Roche, Corrigan, McCoy & Bush (Robert P. Roche, of counsel), Albany, N.Y., for defendants Murphy and Kennedy.

MEMORANDUM-DECISION AND ORDER

CHOLAKIS, District Judge.

Plaintiffs in this action, Donald McKever, Barbara McKever, and their minor children, Perry Tyrone Hamilton, Deanna Giovanna Hamilton and Rassoul Hassen Hamilton, commenced their initial action on June 22, 1983, alleging various violations of their constitutional rights. They commenced a second action against additional defendants on September 21, 1984, again complaining of civil rights violations. These two actions were consolidated by Stipulation and Order dated November 5, 1984. The defendants in the consolidated action are Valerie A. Vondollen, Leroy Layman, William Murphy, Charles C. Arsenault, Peter E. Manns, Kenneth C. Kennedy, all members of the Police Department of the City of Albany, and the City of Albany, New York. The action arose from an incident which occurred on September 21, 1982, during which plaintiffs allege their civil rights were violated by the defendant police officers who had responded to a complaint of screams coming from the McKever apartment. As a result of this incident, the McKevers were subjected to a criminal prosecution, which was later dropped, as well as accusations of child abuse, which were resolved in an administrative proceeding. By their complaint, brought pursuant to 42 U.S.C. §§ 1981 and 1983, plaintiffs alleged constitutional violations consisting of an illegal search and the use of excessive force at the time of the arrest of Barbara and Donald McKever, as well as pendent state claims of assault and battery, false arrest and imprisonment, and abuse of process.

A trial commenced in this action on January 13, 1987, concluding in a hung jury on January 26, 1987, with the court granting motions of all parties for a mistrial. A

second trial[1] commenced on May 26, 1987, concluding in a jury verdict on June 17, 1987, in favor of plaintiffs Donald and Barbara McKever against defendants Vondollen and the City of Albany on plaintiffs' claim of unreasonable search. The jury awarded $300.00 compensatory damages each to Donald and Barbara McKever. The jury found in favor of all other defendants on the remaining claims. The jury also determined that punitive damages would be awarded against defendant Vondollen. A hearing was held on June 18, 1987, after which the jury found punitive damages in the amount of $100.00 against defendant Vondollen.

By their motion, plaintiffs seek compensation, pursuant to 42 U.S.C. § 1988, for attorney's fees incurred in this action at a rate of $75.00 an hour for 555 hours totalling $41,625.00. In addition, compensation is also sought in the amount of $2,500.00 for fees expended in the prior criminal action. Oral argument was heard on this matter on March 4, 1988.

Title 42 U.S.C. § 1988 (1978) provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The first issue to be determined in a § 1988 fee application is whether plaintiffs were prevailing parties. Although acknowledging that this threshold requirement is minimal, defendants nevertheless assert that plaintiffs were not prevailing parties since they recovered on only one of the claims asserted in their complaint. Additionally, defendants contend that the fact that five plaintiffs brought the current action, and only two were successful indicates the "plaintiffs" were not prevailing parties. Defendants further contend that plaintiffs' "nominal" recovery of $600.00 in compensatory damages and $100.00 in punitive damages is further evidence that plaintiffs are not prevailing parties.

Plaintiffs need not be victorious on all litigated claims in order to be prevailing parties. As defined by the Supreme Court, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)).

Although this Court is hesitant to hold that the award in this case is "nominal", the Second Circuit has repeatedly held that an award of only nominal damages does not bar an attorney's fee award. *See, e.g., McCann v. Coughlin,* 698 F.2d 112, 128 (2d Cir.1983) (attorney's fees granted although plaintiff only awarded $1.00 in nominal damages); *Milwe v. Cavuoto,* 653 F.2d 80, 84 (2d Cir.1981). Moreover, pursuant to the Supreme Court's holding in *Hensley,* courts must look to whether "the plaintiff has achieved some vindication of his rights as a result of the lawsuit." *Gingras v. Lloyd,* 740 F.2d 210, 212 (2d Cir.1984). The jury's determination that plaintiffs' right to be free from an unreasonable search was violated, substantiates that plaintiffs are prevailing parties within the meaning of § 1988. *Id.*

Reasonable attorney's fees are generally awarded to a prevailing party absent special circumstances. Defendants contend that a prior offer of settlement which they made precludes an award of attorney's fees for post-offer legal services, citing, *Marek v. Chesney,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The rule in *Marek* was premised on a Fed.R.Civ.P. 68 written offer of judgment. There was no such written offer in the present case. Defendants contend, without authority, that

1. In the first trial defendants were all represented by John L. Shea, Assistant Corporation Counsel, City of Albany. At the second trial, defendants Layman, Arsenault, Manns and the City of Albany were again represented by John L. Shea of the Corporation Counsel's Office. Defendant Valerie Vondollen, was represented by John J. Clyne, Esq. Defendants Murphy and Kennedy were represented by Robert P. Roche, Esq.

the failure to put the offer in writing does not preclude the application of Rule 68.

Although Rule 68 does not specifically require that an offer be in writing, it does require that the offer be "served" on the adverse party. Fed.R.Civ.P. 5(b) provides that "[s]ervice upon the attorney or upon a party shall be made by delivering a *copy* to the attorney or party ..." (emphasis added). As noted by the Court in *Grosvenor v. Brienen,* 801 F.2d 944, 948 (7th Cir. 1986), "[t]o accept the defendants' position would lead to the unsupportable conclusion that one can 'serve' an oral statement." Defendants' assertion that this offer was made in the presence of all parties at a conference before the Court is irrelevant. *Id.* In this Court's opinion this is neither the intent nor purpose of the Rule.

In computing a reasonable attorney's fee, the Second Circuit has instructed the District Courts to employ a two-step procedure. First, this Court must establish a "lodestar" figure by multiplying the number of hours reasonably expended by the hourly rate customarily charged for similar litigation by attorneys of like skill in the area. *City of Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1098 (2d Cir.1977). As a second step, the Court may, in its discretion, adjust the lodestar figure depending on certain subjective factors. *Cohen v. West Haven Bd. of Police Comm'rs,* 638 F.2d 496, 505 (2d Cir.1980). *See also Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984).

Plaintiffs' attorney devoted 736 hours and 45 minutes in pursuing this action. In acknowledging that he was not totally successful on all the claims asserted, plaintiffs' attorney seeks compensation for the 555 hours he alleges are directly attributable to the claim on which plaintiffs were successful. Counsel does not request any compensation for secretarial or support staff. *See* Appendix A.

Defendant City of Albany contends that plaintiffs should be denied their attorney's fees for failing to maintain contemporaneous time sheets as mandated by the Second Circuit. *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir.1983). Defendant submits no support for this allegation, merely the blanket assertion that the excessive time taken by plaintiffs in filing this application was needed to create these records. When questioned on this issue at oral argument on the motion, defendant admitted there was no additional basis for making this assertion. The Court finds no basis for this allegation. To the contrary, plaintiffs' organized and exact computation of the hours expended for specified tasks is commended by the Court.

In determining the number of hours reasonably expended in this action, the application must be reviewed "to consider whether the amount of hours claimed reasonably reflect the quantity and the quality of the work performed." *Thomas v. Bd. of Educ.,* 505 F.Supp. 102, 103 (N.D.N.Y. 1981). Initially, defendants contend that the Court should disallow the hours expended by plaintiffs' co-counsel, Mary Jo Long and Anita Thayer, on the ground that they were excessive and redundant. In particular, defendants object to the utilization of more than one attorney during trial. "The use of multiple attorneys, however, is not unreasonable per se." *Williamsburg Fair Housing Comm. v. Ross–Rodney Hous.,* 599 F.Supp. 509, 518 (S.D.N.Y.1984). The Second Circuit, in addressing this issue, stated:

> In assessing the extent of staffing and background research appropriate for a given case, a district court must be accorded ample discretion. Under section 1988, prevailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist. *See Seigal v. Merrick,* 619 F.2d 160, 164 (2d Cir.1980).... Of course, a trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, but for the most part such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope

and complexity of the particular litigation.

*Carey,* 711 F.2d at 1146.

Defendants mere characterization of the use of two attorneys as duplicitous is insufficient. There has been no showing that the utilization of two attorneys was in fact unreasonable. Additionally, the Court notes that plaintiffs are only seeking 21 hours and 20 minutes for Attorney Long's and 6 hours for Attorney Thayer's entire participation in this action. Antithetically, the battery of defense counsel at the second trial in this actions supports the use of two attorneys to prevent further delay in resolving this dispute. *Williamsburg Fair Housing Comm.,* 599 F.Supp. at 518.

Defendants also challenge the number of hours allocated to plaintiffs' counsel's preparation for and participation in the punitive damages hearing. In this Court's determination, the 11 hours and 35 minutes expended were reasonable and necessary for this phase of the litigation.

Additionally, defendants maintain that the hours expended at the administrative and criminal proceedings should be denied. The Supreme Court, in *Webb v. Dyer County Bd. of Educ.,* 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), held that unless necessary to the litigation, amounts expended in administrative proceedings are not recoverable as attorney's fees. There is no express requirement in § 1983 litigation that a plaintiff pursue administrative remedies prior to coming into federal court. *Id.* at 241, 105 S.Ct. at 1927. Therefore, plaintiff Donald McKever's attempt to resolve the child abuse charges against him are not compensable. Similarly, no attorney's fees are awarded for plaintiff's defense in a prior criminal proceedings. *See, e.g., Greer v. Holt,* 718 F.2d 206, 208 (6th Cir.1983); *Venuti v. Riordan,* 702 F.2d 6, 9 (1st Cir.1983); *Lenihan v. City of New York,* 640 F.Supp. 822, 830 (S.D.N.Y.1986). Such amounts would constitute an element of damage, as noted by this Court's charge to the jury in this case. Consequently, plaintiffs' requests for compensation for the 29 hours and 10 minutes for the administrative hearing and the $2500.00 expended in defending the criminal action are hereby denied.

Plaintiffs conceded in their papers and at oral argument that they did not prevail on all issues before the court. Plaintiffs specifically stated at oral argument that an additional 40% reduction in the number of hours would constitute an accurate reflection of the actual time expended towards their victorious claim. This Court, in reviewing the papers and its own notes concerning both trials, agrees with this assessment by plaintiffs. Plaintiffs achieved limited success in the range of issues brought before the court in this litigation. However, many of the items allegedly attributable to the "unsuccessful" claims are literally inseparable from the "successful" claim. *See Hensley,* 461 U.S. at 435–36, 103 S.Ct. at 1940–41. This court, being hesitant to deny fees for items which have not been specifically objected to by defense counsel and which in its opinion are compensable, will adopt plaintiffs' proposed 40% reduction for all hours claimed except those expended during the punitive damage and fee application portions of this lawsuit.

In sum, plaintiffs claim a total of 555 compensable hours. Deducted from this sum are the previously disallowed 29 hours and 10 minutes allocated to the administrative proceedings, leaving a total of 525 hours and 50 minutes. Deducting the 48 hours for which the plaintiff's are entitled to full compensation (11 hours and 35 minutes attributable to the punitive damage hearing and 36 hours and 25 minutes attributable to the fee application), leaves a balance of 477 hours and 50 minutes, which, when reduced by 40%, gives plaintiffs 286 hours and 42 minutes allocable to their successful claim. Adding the 48 hours previously deducted, the court arrives at a total of 334 hours and 42 minutes of compensable time.

In this Circuit, the reasonable hourly rate is measured according to the normal rate customarily charged in the legal community for substantially similar work. *McCann,* 698 F.2d at 130. Plain-

tiffs have requested an hourly rate of $75. It is the judgment of this Court that compensation at this rate for lead counsel, Lanny Walter, is not inconsistent with the rate normally awarded for work done by attorneys of similar skill in this district. *See, e.g., Fiacco v. City of Rensselaer,* 663 F.Supp. 743, 746 (N.D.N.Y.1987); *Capozzi v. City of Albany,* 565 F.Supp. 771, 775 (N.D.N.Y.1983); *Visser v. Magnarelli,* 542 F.Supp. 1331, 1338 (N.D.N.Y.1982). However, this Court will not compensate cocounsel at the same rate as lead counsel, recognizing the inherent responsibilities incumbent upon that position. Therefore, cocounsel will be initially compensated at a rate of $70 per hour. Furthermore, different rates of compensation are awarded depending upon the task performed. *Cohen,* 638 F.2d at 505; *Polk v. New York State Dep't of Correctional Services,* 722 F.2d 23 (2d Cir.1983). In particular, it has been the practice of the courts in this district to separate the work necessarily performed by an attorney from tasks traditionally performed by a clerk. *See, e.g., Capozzi,* 565 F.Supp. at 775. According to the time sheets, 3 hours and 15 minutes during the punitive damages phase of this litigation were devoted to performing clerical tasks such as preparing subpoenas and summonses. In this Court's judgment, these tasks are routinely clerical in nature and will be compensated at a reduced rate of $20 per hour. *Fiacco,* 663 F.Supp. at 746.

In conclusion, plaintiffs are entitled to an award of attorney's fees as follows:

| | | |
|---|---|---|
| 315 hours and 54 minutes at $75 per hour | = | $23,692.50 |
| 15 hours and 33 minutes at $70 per hour | = | $ 1,088.50 |
| 3 hours and 15 minutes at $20 per hour | = | $ 65.00 |
| Total Award | = | $24,846.00 |

Further, it is well settled that public policy prohibits a municipality from indemnifying an employee for punitive damages. New York Public Officers Law § 18(4)(c) (McKinney's Supp.1988). To allow such coverage would defeat the purpose of punitive damages which is to punish and deter others from acting similarly. *Hartford Accident and Indem. Co. v. Village of Hempstead,* 48 N.Y.2d 218, 228, 422 N.Y.S.2d 47, 53–54, 397 N.E.2d 737, 743–744 (1979). Therefore, the attorney's fees incurred for the punitive damages hearing is recoverable from defendant VonDollen alone. That amount is computed as follows:

| | | |
|---|---|---|
| 5 hours and 35 minutes at $75.00 | = | $418.75 |
| 2 hours and 45 minutes at $70.00 | = | $192.50 |
| 3 hours and 15 minutes at $20.00 | = | $ 65.00 |
| Total | = | $676.25 |

IT IS SO ORDERED.

Appendix A

| Phase I | Compensable | No. of Hours |
|---|---|---|
| Initial investigation preparation of federal complaint review answers | yes | 33h 15m |
| Child abuse hearings | no | 29h 10m |
| Criminal proceedings | no | $2,500.00 |
| **Phase II** | | |
| Discovery | yes | 76h 10m |
| **Phase III** | | |
| Preparation for trial and interviewing witnesses | yes | 61h 30m |
| [Long's time] | yes | [7h] |
| **Phase IV** | | |
| Trial One Walter | yes | 85h 50m |
| [Long's time] | yes | [14h 20m] |
| **Phase V** | | |
| Preparation for and conduct of Trial Two | yes | 29h 40m |
| Court time | yes | 76h 10m |
| Meeting witnesses & research preparation | yes | 93h 55m |
| Preparation for and hearing on punitive damages | yes | 5h 35m |
| [Thayer's time] | yes | [6h] |
| **Phase VI** | | |
| Preparation of attorney's fees application | yes | 26h 25m |
| Argument and additional work | yes | 10h |