

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2004

# Lui v. Comm Adult Ent

Precedential or Non-Precedential: Precedential

Docket No. 03-2437

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lui v. Comm Adult Ent" (2004). *2004 Decisions.* Paper 641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**
UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2437
_____

JEFFREY LUI, DAVID LUI, and
FANTASIA RESTAURANT &
LOUNGE, INC.,
a corporation of the State of Delaware
<u>Appellants</u>

v.

COMMISSION ON ADULT
ENTERTAINMENT
ESTABLISHMENTS OF THE STATE
OF DELAWARE,
an entity within the State of Delaware
Department of Administrative
Services, Division of Business &
Occupation Recreation,
M. JANE BRADY, in her capacity as
Attorney General of the
State of Delaware, STATE OF
DELAWARE, and
NEW CASTLE COUNTY, a political
subdivision
of the State of Delaware

_____

On Appeal from the United States
District Court
for the District of Delaware
Civil Action No. 02-177
District Judge: Honorable Kent A. Jordan

Argued April 19, 2004

Before: SCIRICA, <u>Chief Judge</u>,
GARTH, and BRIGHT[*], <u>Circuit Judges</u>

(Filed: May 26, 2004)

OPINION
_____

Lewis H. Robertson(Argued)
Lewis H. Robertson, P.C.
116 Oceanport Avenue
Little Silver, New Jersey 07739

Attorney for Appellants,
Jeffrey Lui, David Lui and
Fantasia Restaurant & Lounge, Inc.

Thomas H. Ellis(Argued)
Deputy Attorney General
State of Delaware Department of Justice
820 North French Street, 6th floor
Carvel State Building
Wilmington, Delaware 19801

Attorney for Appellees,
Commission on Adult
Entertainment Establishments of
the State of Delaware, M. Jane
Brady, and State of Delaware

_____

[*] Myron H. Bright, Circuit Judge,
United States Court of Appeals for the
Eighth Circuit, sitting by designation.

Mary A. Jacobson(Argued)
Assistant County Attorney
New Castle County Office of Law
87 Reads Way
New Castle, Delaware 19720

Attorney for Appellee, New Castle County

Garth, Circuit Judge:

Appellants Jeffrey Lui, David Lui and Fantasia Restaurant & Lounge, Inc. appeal from the District Court's summary judgment in favor of Appellees based on the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37 (1971). After Lui[1] filed the instant appeal, the Delaware Superior Court rejected on the merits Lui's motion to dismiss the criminal prosecution pending against him, which arose out of Lui's failure to obtain an adult entertainment establishment license. For the reasons set forth below, we will affirm the District Court's decision to abstain under *Younger,* but we will remand the case to the District Court with direction to discharge the stay and dismiss the case with prejudice.

I.

Fantasia Restaurant & Lounge, Inc. ("Fantasia") is a bar and restaurant located at 1031 South Market Street (Route 13) in New Castle County, Delaware. Fantasia currently offers exotic dancing by women dressed in brief costumes. David Lui is the sole shareholder of Fantasia, and his son Jeffrey Lui is the general manager of Fantasia. Lui desires to offer nude dancing at Fantasia. In order to do so, Lui must satisfy the zoning and licensing requirements imposed by both New Castle County and the State of Delaware.

New Castle County (the "County") requires the owner or proprietor, in this case Lui, who wishes to offer nude dancing, to first obtain zoning certification (a permit or license) from the County. To obtain County zoning certification, Lui had to satisfy the New Castle County Department of Planning that the location of the proposed adult entertainment establishment complied with the zoning and subdivision provisions of the New Castle County Unified Development Code (the "County Code"). In particular, Lui was required to comply with § 40-133(a)(13) of the County Code, which mandates that adult entertainment establishment be 2,800 feet from a church or other place of worship, and sets limits on proximity to schools, residences, and other adult entertainment establishments.[2]

---

[1] Appellants will collectively be referred to as "Lui."

[2] § 40-133(a)(13) states in relevant part:

Massage parlors which provide services on and/or off premises, adult bookstores and adult entertainment centers shall be permitted as follows:
(a) No such use shall be permitted within 500 feet of any property containing a dwelling or other residence located within any residentially zoned district.

Once zoning certification is secured from the County, the requirements imposed by the State of Delaware (the "State") pursuant to the Delaware Adult Entertainment Establishments Act (the "Act"), 24 Del. C. Ch. 16, must be satisfied. This Act required Lui to file an application for an adult entertainment establishment zoning certification with the Delaware Commission on Adult Entertainment Establishments. Lui's application had to include a copy of the County's zoning review results. The State would then review the application to ensure that Fantasia's proposed location complied with all local laws and ordinances, pursuant to 24 Del. C. § 1610(a).[3] Effectively, an applicant

cannot obtain a State license necessary to operate an adult entertainment establishment in New Castle County without first receiving a permit from the County demonstrating compliance with the applicable provisions of the County Code. *See Amico v. New Castle County,* 571 F. Supp. 160, 163 n.3 (D. Del. 1983). Indeed, the Act prohibits all counties in the State of Delaware from issuing permits or licenses for adult entertainment establishments unless their distance restrictions match those decreed by the State.

A.

Lui filed his first request for County zoning certification on July 30 1996, before construction of Fantasia was underway. In his application, Lui stated that Fantasia would be located more than 2,800 feet from any house of worship. On August 12, 1996, the New Castle County Department of Planning granted Lui's request for zoning certification, but stipulated that because Fantasia had yet to be constructed, the "certification may

---

(b) No such use shall be permitted within 2,800 feet of a school, church or other place of worship.
(c) No such use shall be permitted within 1,500 feet of each other.

[3] 24 Del. C. § 1610 provides, in relevant part:

(a) No license issued under this chapter shall authorize the licensee to engage in or carry on the business of operating an adult entertainment establishment in any place other than the premises set forth in said license. . .

\* \* \*

(c) No new adult entertainment establishment as defined in § 1602 of this title shall operate in the same building or in separate buildings less than 1,500 feet from each other, within

500 feet of any residence regardless of how such property is zoned, or within 2,800 feet from a church or school . . . Distances shall be measured from property line to property line.
(d) Notwithstanding any provision of law to the contrary, no municipal corporation or county may adopt any ordinance or charter amendment with distance restrictions less than those provided in this section.

2

become null and void due to changing conditions in the future." On August 23, 1996, the County's certification was revoked because Fantasia was, in fact, located within 2,800 feet of a church. Lui appealed, and the revocation was affirmed by the New Castle County Board of Adjustment. Lui appealed that determination to the Delaware Superior Court.

Lui filed a second request for County zoning certification on September 24, 1996. He argued that the church that was located within 2,800 feet of the Fantasia site had ceased to operate as a church, and that the County's denial of certification violated his due process rights. The New Castle County Department of Planning again denied Lui's application, and the Board of Adjustment affirmed.

Lui appealed to the Delaware Superior Court, which consolidated Lui's two appeals and denied both in a November 20, 1998 opinion. *Fantasia Rest. & Lounge, Inc. v. New Castle County Bd. of Adjustment,* 735 A.2d 424 (Del. Super. Ct. 1998). The Delaware Supreme Court affirmed. *Fantasia Rest. & Lounge, Inc. v. New Castle County Bd. of Adjustment,* 734 A.2d 641 (Del. 1999).[4]

## B.

On November 22, 2000, Fantasia opened for business. Lui concedes that Fantasia offers live female exotic dancers dressed in brief costumes, which cover the genitals and the areola region of the breast, and that Fantasia is located within 2,800 feet of a church.

On December 31, 2001, Lui was criminally indicted by the State of Delaware on three counts of operating and conspiring to operate an adult entertainment establishment without obtaining an Adult Entertainment Establishment zoning certification. On April 30, 2002, Lui filed a motion to dismiss the state indictment, challenging the constitutionality of the Act and of § 40-133(a)(13) of the County Code.[5]

In State court, Lui argued that the restrictions imposed by the State and County effectively deny adequate alternative avenues of communication for the presentation of adult entertainment.

___

[4] In late March or early April 2002, Lui submitted a third application for zoning certification. This time, Lui applied directly to the State Commission – he did not first secure zoning certification from the County in

compliance with § 40-133(a)(13) of the County's zoning code. In May 2002, counsel for Lui asked the State to withhold action on Lui's application.

[5] As stated above, 24 Del. C. § 1610(d) directs that no "county may adopt any ordinance or charter amendment with distance restrictions less than those provided in this section," thus subjecting Fantasia to the relevant portions of New Castle County's Unified Development Code.

3

*See State of Delaware v. Fantasia Rest. & Lounge, Inc., et al.,* Nos. 0112001060, 0109002426, 0112000958 (Del. Super. Ct. filed Mar. 9, 2004). On March 9, 2004, the Delaware Superior Court denied Lui's motion to dismiss, holding that the State and County zoning laws at issue constituted reasonable time, place and manner regulations of protected speech because (1) they are content-neutral; (2) they are narrowly tailored to serve a substantial government interest; and (3) they leave open adequate alternative areas of communication. *See id.*

Specifically, the Superior Court determined that the laws are content-neutral because they do not constitute a total ban on adult entertainment, but merely "ban adult entertainment establishments from some parts of the state and county based upon location." *Id.* at 12. The laws, which set the minimum distance between an adult entertainment establishment and a church or school, are narrowly tailored to serve a substantial government interest because they "are particularly aimed at protecting those of tender age and/or seeking spiritual guidance from exposure to the negative effects of adult entertainment establishments." *Id.* at 13. And they leave open adequate alternative areas of communication because Lui has acknowledged that twelve available potential adult use locations exist within New Castle County, a number which the Superior Court found to be "constitutionally sufficient for purposes of the Fourteenth Amendment." *Id.* at 23

(citing *N.W. Enters v. City of Houston,* 352 F.3d 162, 182 (5th Cir. 2003)).

The State prosecution against Lui is presently pending.

## C.

On March 11, 2002, Lui filed a four count Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Delaware. He filed an Amended Complaint on April 24, 2002. The Complaint echoed the arguments Lui raised in his motion to dismiss the State court indictment. He made the following four allegations:

Count 1: that the Act and County Code violate the First Amendment;

Count 2: that the County's requirement that he pay a $500 application fee (while a fee of $50 is typical), and the State's requirement that he include the results of his County zoning review in his State application, violate the Equal Protection Clause;

Count 3: that the State prosecution of Lui was motivated by his race[6] and violated his Due Process and Equal Protection rights; and

Count 4: that the Act is unconstitutionally broad.

Lui sought declaratory and injunctive relief, monetary damages, and fees and

---

[6] The record indicates that Jeffrey and David Lui are of Chinese-American descent.

4

costs pertaining to Count One; declaratory and injunctive relief, monetary damages from the County only,[7] and fees and costs on Count Two; and declaratory and injunctive relief and fees and costs from the State only on Counts Three and Four.

Lui moved for partial summary judgment on Count One (violation of the First Amendment), and alternatively for a preliminary injunction preventing enforcement of the State Act, 24 Del. C. § 1610, and the County Code, § 40-133(a)(13). He argued that the restrictions imposed by the State and County effectively deny adequate alternative avenues of communication for the presentation of adult entertainment. The County cross-moved for summary judgment, and both the State and the County filed motions to dismiss Lui's Amended Complaint.

Both the State and County argued that the District Judge was required to abstain from exercising jurisdiction under the doctrine announced in *Younger v. Harris,* 401 U.S. 37 (1971), because of the ongoing criminal prosecution of Lui in state court. The County also argued that it could not be held liable for enforcing a zoning restriction imposed upon the County by State law.

---

[7] Lui conceded that the State was immune to Lui's claims for damages under the Eleventh Amendment. Lui also withdrew all claims against defendant M. Jane Brady, Attorney General of Delaware.

In its January 31, 2003 order, the District Court held that:

(1) Lui's claims for equitable relief are dismissed without prejudice;

(2) Lui's claims for monetary damages against the State of Delaware, M. Jane Brady, and the Commission on Adult Entertainment Establishments of the State of Delaware are dismissed with prejudice;

(3) Partial summary judgment is entered for New Castle County against Lui on the issue of the County's liability for damages under Count One of Lui's Amended Complaint; and

(4) Further activity is stayed until the final resolution of Lui's criminal prosecution by the State of Delaware, now pending in Delaware Superior Court.

The District Court's order did not identify each Count in its disposition. We have been able to cure that deficiency by reference to the proceedings and the District Court opinion, to the following effect: The equitable claims made in Count One were dismissed without prejudice under *Younger.* The District Court determined that the State and County were immune to money damages under the Eleventh Amendment and state law. Accordingly, the claim for money damages against the State and County were dismissed with prejudice. As to Count Two, the equitable claims pertaining to Equal Protection were dismissed without prejudice, and the claims for monetary damages and fees and costs were stayed. At oral argument,

5

counsel for Lui stipulated that all of Count Two should be regarded as having been dismissed with prejudice. Counts Three and Four sought only equitable relief, and were dismissed by the District Court without prejudice. In his appellate brief, Lui conceded that Counts Three and Four were properly the subject of *Younger* abstention.

Thus, what remains for us to decide is whether the District Judge erred in applying *Younger* abstention to Count One, and whether he erred by retaining jurisdiction over Lui's claim for fees and costs brought in the same Count.[8]

Lui filed a timely appeal from the District Court's orders of January 31, 2003 and February 27, 2003.

## II.

The District Court had jurisdiction over Lui's federal action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Lui asserts that this Court has jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. The County moved to

---

[8] In its February 27, 2003 opinion, the District Court denied Lui's motion for reargument without prejudice to a later filing of a motion to reconsider, which the District Judge restricted to the issue of the availability of fees and costs pursuant to § 1988. In effect, the District Court retained jurisdiction over the fees and costs, as they pertained to Count One (violation of the First Amendment).

dismiss Lui's appeal for lack of appellate jurisdiction.

We address jurisdiction of this Court at the outset. Although the timeliness of Lui's appeal was questioned by the County, our independent analysis shows that the County's claim of untimeliness is without merit for two reasons. First, the order which the County identified as being "final" was, in fact, interlocutory, as it was "without prejudice." *See Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Second, the District Court retained jurisdiction over the fees and costs claimed by Lui under Count One, thereby ostensibly leaving its order non-final.

This latter issue, which we discuss later in this opinion, did not affect the finality of the District Court's order, however, because a ruling which orders *Younger* abstention transfers the entire proceeding to the State court for adjudication, including all of its collateral aspects – in this case, fees and costs. We have therefore held that a district court's *Younger* abstention order constitutes a final, appealable order under 28 U.S.C. § 1291 because, under *Younger v. Harris,* the effect of such an order is to surrender jurisdiction of the federal action to a state court. By doing so, the *Younger* abstention order becomes immediately appealable. *See Schall v. Joyce,* 885 F.2d 101, 105 (3d. Cir. 1989); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 10 (1983). As we said in *Schall:*

Because we are convinced that 'the object' of the district court's [order and] stay was 'to require all or an essential part of the federal suit to be litigated in a state forum,' *Moses H. Cone,* 460 U.S. at 10 n. 11, we conclude that the district court's stay order was an abstention order that is final within the meaning of 28 U.S.C. § 1291.

885 F.2d at 105.[9]

### III.

This Court exercises plenary review over the District Court's legal determination that the requirements for *Younger* abstention have been met. *University of Maryland v. Peat Marwick Main & Co.,* 923 F.2d 265, 270 (3d Cir. 1991). If the requirements for abstention have been met, this Court reviews the District Court's decision to abstain under *Younger* abstention principles for abuse of discretion. *Gwynedd Properties, Inc. v. Lower Gwynedd Tp.,* 970 F.2d 1195, 1199

---

[9] We also had concerns as to whether we had jurisdiction to entertain this appeal because Count Two was dismissed by the District Court *without prejudice.* As noted in text, when we raised this question with counsel for Lui at oral argument, he conceded that Count Two should be dismissed *with* prejudice, and he forwarded a letter to us acknowledging that fact.

(3d Cir. 1992).

### IV.

We now turn to the question at the heart of this appeal – was the District Court's decision to invoke *Younger* abstention proper? Lui asserts that the District Court erred in applying *Younger* in this case.

We have had a longstanding public policy against federal court interference with state court proceedings. *Younger* has taught us that federal courts should not act to restrain a criminal prosecution where the appellant here, has an adequate remedy at law in state court and will not suffer irreparable injury if denied equitable relief. Moreover, this principle, *Younger* teaches,

> is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

401 U.S. at 44. Accordingly, *Younger* states that "it has been perfectly natural for

7

our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. State courts are every bit as competent to deal with the claims of the appellant (in this case, the defendant in the criminal proceeding) as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution. Thus, we have been instructed that the concerns of comity and federalism which underlie the *Younger* doctrine command the federal courts to respect the independence and functioning of the state courts. *Rizzo v. Goode,* 423 U.S. 362, 380 (1976).

Following *Younger,* this Court has set out a three-prong test to determine whether courts should abstain from addressing the merits of a federal action in the face of ongoing state criminal litigation. Abstention under *Younger* is appropriate only where: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Gwynedd Properties, Inc. v. Lower Gwynedd Tp.,* 970 F.2d 1195, 1200 (3d Cir. 1992).

In the instant case, the District Court Judge determined that all three prongs of the *Gwynedd Properties* test were met, and *Younger* abstention should therefore be invoked. First, it was undisputed that Lui was – and still is –

defending a pending criminal prosecution in State court. Second, the District Court Judge concluded that the State's criminal prosecution of Lui implicated important State interests – namely, the State's effort to control the negative effects of adult entertainment establishments through the enforcement of its zoning laws. Third, the District Court Judge held that Lui had failed to carry his burden of showing that he could not present his constitutional claims as a defense in State court. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 (1987) ("the burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of its claims."). Furthermore, as we noted above, Lui had already filed a motion to dismiss the State indictment which challenged the constitutionality of the State zoning statute. Thus the District Court concluded that Lui had the opportunity to raise all of his constitutional claims in State court.

On appeal, Lui argues that *Younger* abstention was not proper because Count One of his federal claim does not implicate important state interests, and because the State proceedings might not afford him an adequate opportunity to raise his federal claims. Reviewing the District Court's *Younger* analysis under a plenary standard, we reject both of Lui's arguments. First, Count One implicates the State's valid and important interest in regulating the location and effect on the community of adult entertainment establishments, particularly their effect on individuals attending school or a house of

8

worship. *See Larkin v. Grendel's Den, Inc.,* 459 U.S. 116, 121 (1982) (zoning laws may be validly used to regulate the environment around schools and churches, given the legitimate interest in insulating them from certain commercial establishments).

Second, it is beyond dispute that the State court prosecution has afforded Lui an opportunity to raise his sole remaining federal claim – Count One (Lui's First Amendment claim). By the time Lui filed his federal action, he had already brought a motion to dismiss the charges filed against him by the State, and that motion, among other things, challenged the constitutionality of the State Act. *See State v. Fantasia Rest. & Lounge,* Nos. 0112001060, 0109002426, 0112000958 (Del. Super. Ct. filed Mar. 9, 2004). Indeed, the submissions made by Lui in defense of the State criminal charges are identical to the Amended Complaint which he filed in Federal court and from which the District Court has abstained. Thus it is not surprising that the District Court concluded that Lui has the opportunity to raise his Federal constitutional claims in State court.

We have previously noted that the District Court dismissed all of Lui's equitable claims, which included a request for an injunction to prevent enforcement of the State Act and the County Code against him, and a declaratory judgment that the State Act and the County Code are unconstitutional.[10] But here, as in *Younger,* a criminal proceeding raising the same issues and affording Lui an opportunity to assert all of his constitutional claims was pending in State court. As *Younger* teaches us, any injury to which such a defendant may be exposed is solely "that incidental to every criminal proceeding brought lawfully and in good faith." *Younger,* 401 U.S. at 49 (internal quotations omitted).

We are satisfied that the record and the principles we have related clearly demonstrate that there is no merit to the arguments that Lui has advanced. The District Court Judge did not abuse his discretion when he determined that all three prongs of the *Gwynedd Properties* test were met, because (1) Lui is defending a pending criminal prosecution in state court, (2) the prosecution implicates the State's interest in controlling the negative effects of adult entertainment establishments, and (3) Lui actually did raise, albeit unsuccessfully, his constitutional claims as a defense to his prosecution in State court. The

---

[10] *See Samuels v. Mackell,* 401 U.S. 66 (1971) (holding that declaratory relief is improper when a prosecution involving the challenged state statute is pending in state court at the time the federal suit is initiated, and the same principles that govern the propriety of federal injunctions of State criminal proceedings govern the issuance of federal declaratory judgments in connection with such proceedings).

9

District Court did not err in abstaining pursuant to *Younger v. Harris, supra.*

## V.

Having determined that the District Court correctly analyzed Lui's claims in accordance with the principles and instruction of *Younger v. Harris,* we are obliged to hold that the District Court did not correctly implement its order because it retained jurisdiction over Court One as it pertained to fees and costs, and we now address that issue. In *Moses H. Cone,* the Supreme Court observed that where "a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; [then] the state court's judgment on the issue would be res judicata . . . [and the] stay order amounts to a dismissal of the suit." *Moses H. Cone,* 400 U.S. at 10. In *Schall,* this Court extended the holding in *Moses H. Cone,* which was a *Colorado River* abstention case, to the *Younger* abstention context. Thus, as we noted above, a *Younger* abstention stay requires a dismissal with prejudice of the federal suit.

The District Court's February 27, 2003 order, see note 8, *supra,* implies that if Lui were successful on the merits in State criminal court he could then revisit a portion of his federal claims to seek fees and costs from the State and County ostensibly under 42 U.S.C. § 1988, and thus a stay of those claims was appropriate. We cannot agree. Section 1988(b), which governs fee and cost awards for § 1983 claims, allows such awards to the party who prevails on the merits of the *federal* claim. *See Healy v. Town of Pembroke Park,* 831 F.2d 989 (11th Cir. 1987). Defense of a State criminal prosecution is not a proceeding for which fees and costs can be awarded under § 1988. *See Venuti v. Riordan,* 702 F.2d 6 (1st Cir. 1983); *see also Greer v. Holt,* 718 F.2d 206 (6th Cir. 1983). Thus, even a successful defense of the State criminal charges would not entitle Lui to seek fees and costs in federal court, and the stay of those claims was therefore in error.

## VI.

Having held that the District Court did not err in abstaining from deciding the merits of Lui's federal complaint, we have no occasion to address the merits of Lui's constitutional arguments. These were properly transferred to the Delaware courts, and are not the subject of our analysis. Indeed, the opinion of the Delaware Superior Court, which was filed during the pendency of Lui's federal appeal, reflects that the Delaware Superior Court, addressing the exact same constitutional claims made by Lui here, rejected on the merits all of the issues which Lui sought to have us decide. This being so, if for no other reason, the doctrines of *res judicata* on the one hand,[11] or *Rooker-Feldman* on the other,[12]

---

[11] Res judicata bars suit where there was (1) an earlier decision on the issue, (2) a final judgment on the merits, and (3) the involvement of the same

would militate against our deciding the merits of the federal claim in any event.

One thing more needs to be said. The stay which the District Court imposed on the request for fees and costs in Count One must, as a matter of law, be discharged. As we have pointed out, the abstention order transferred the whole "kit 'n caboodle" of Count One to the state court to be adjudicated. Thus the fees and costs, as well as all the other elements of Count One, no longer remained in the federal court, and the District Court could not under any circumstance rule on those issues.

Thus, we will affirm the District Court in all respects except one – we are obliged to reverse and remand to the District Court the stay which was improvidently and consequently erroneously entered pertaining to the fees and costs. The District Court is instructed to correct its judgment accordingly, so that all matters that remained in the District Court are now remitted to the Delaware Superior Court for adjudication.

---

parties, or parties in privity with the original parties. Restatement (Second) of Judgments §§ 17, 24 (1982).

[12] The *Rooker-Feldman* doctrine divests a federal district court of jurisdiction if the plaintiff's claim was either (1) actually litigated in state court or (2) if the claim is inextricably intertwined with the prior state court ruling. *See Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003).