NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4573
_____

IBRAHIM ELDAKROURY,
                                        Appellant
v.

ATTORNEY GENERAL OF NEW JERSEY;
THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-13-cv-00321
District Judge: The Honorable Stanley R. Chesler

Argued November 18, 2014

Before: SMITH, HARDIMAN, and BARRY, *Circuit Judges*

(Filed: February 19, 2015)
_____

OPINION*
_____

Frank P. Cozzarelli
Marlo J. Hittman          **[ARGUED]**
Cozzarelli Law Firm
727 Joralemon Street
Belleville, NJ  07109
        *Counsel for Appellant*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amy Chung                    [ARGUED]
Office of Attorney General of New Jersey
Division of Construction,
Transportation & Condemnation
25 Market Street
P.O. Box 114
Trenton, NJ  08625

Philip J. Espinosa
Office of Attorney General of New Jersey
Department of Law & Public Safety
P.O. Box 114
25 Market Street
Richard J. Hughes Complex
Trenton, NJ  08625

    *Counsel for Appellees*

SMITH, *Circuit Judge*.

Ibrahim Eldakroury appeals the dismissal of his complaint with prejudice on the basis of abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  At oral argument, Eldakroury focused on whether the District Court's dismissal with prejudice had claim-preclusive effect.  In doing so, Eldakroury conceded that the arguments made in his opening and reply briefs were immaterial if res judicata did not apply.  We invited the parties to submit supplemental briefing as to the consequences of the with-prejudice dismissal in this case, including whether that outcome would have any claim-preclusive effect as to a later-filed suit in federal court raising the same federal claims.  That briefing was submitted on December 1, 2014.  For the reasons that follow, we will vacate the District Court's dismissal of the case with prejudice and direct that the dismissal be entered without prejudice.

# I.

Eldakroury is a door manager at Hott 22, a strip club. In September 2012, Eldakroury was indicted for violating N.J. Stat. Ann. § 2C:34-7. Section 2C:34-7(a) criminalizes the operation of a

> sexually oriented business within 1,000 feet of any existing sexually oriented business, or any church, synagogue, temple or other place of public worship, or any elementary or secondary school or any school bus stop, or any municipal or county playground or place of public resort and recreation, or any hospital or any child care center, or within 1,000 feet of any area zoned for residential use.

After his indictment, Eldakroury commenced the instant case in federal court under 42 U.S.C. § 1983. Seeking damages, an injunction barring his state prosecution, and declaratory relief, Eldakroury's federal complaint urges that his prosecution violates several federal constitutional provisions, including the First and Fourteenth Amendments. Just over one month later, Eldakroury also moved to dismiss the indictment in state court on constitutional grounds as well as on grounds that the instructions to the grand jury as to § 2C:34-7 were defective. The State then moved to dismiss Eldakroury's federal complaint on the basis of *Younger* abstention and for failure to state a claim.

While the State's motion to dismiss the federal complaint was pending, the Superior Court of New Jersey dismissed Eldakroury's state indictment without prejudice on the ground that the grand jury's instructions were defective. But that court declined to reach Eldakroury's constitutional arguments, declaring them "moot at this time." The State appealed that dismissal. After the dismissal of Eldakroury's state indictment, the District Court dismissed his federal complaint with prejudice on the basis of *Younger*

3

abstention and because sovereign immunity barred Eldakroury's damages claims. Eldakroury appeals only the dismissal with prejudice of his claims for equitable relief, and not the dismissal of his damages claims. While this appeal was pending, the New Jersey Appellate Division affirmed the dismissal without prejudice of the state indictment without reaching Eldakroury's constitutional claims.

## II.

The District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Given Eldakroury's concession at oral argument that a decision in his favor as to the claim-preclusive effect of the District Court's dismissal would dispose of this appeal, we focus on that issue alone. We previously considered whether a dismissal with prejudice was the appropriate consequence of *Younger* abstention in *Lui v. Commission on Adult Entertainment Establishments*, 369 F.3d 319, 327 (3d Cir. 2004). We explained that "the effect of [a *Younger* abstention] order is to surrender jurisdiction of the federal action to a state court" and that "[b]y doing so, the *Younger* abstention order becomes immediately appealable." *Id.* at 325. We then stated that *Younger* abstention "requires a dismissal with prejudice of the federal suit." *Id.* at 327 (emphasis added).

But *Lui* is distinguishable. In that case, state courts had already considered "the exact same constitutional claims" made by the plaintiff in federal court. *Id.* at 328. Accordingly, "the doctrines of res judicata on the one hand, or [the *Rooker-Feldman* doctrine] on the other, would militate against our deciding the merits of the federal claim

4

in any event." *Id.* (footnotes omitted). Because the plaintiff had already received a merits-based judgment on his federal claims, there was no possibility that he would need to return to federal court to ensure that his federal claims were addressed in the event that the state courts did not reach those claims. Accordingly, a with-prejudice dismissal was proper.

By contrast, no resolution of Eldakroury's federal claims has been reached in any court. Nor can dismissal of Eldakroury's federal complaint on the basis of *Younger* abstention be construed as a resolution on the merits of those claims. Indeed, where *Younger* abstention is appropriate, federal courts "have no occasion to address the merits" of the plaintiff's federal claims. *Id.* And without a merits-based decision, the dismissal of his federal case does not implicate claim preclusion or otherwise prevent Eldakroury from returning to federal court if his ongoing state prosecution concludes without a resolution of his federal claims. *See United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009) (res judicata requires, inter alia, "a final judgment on the merits in a prior suit" (citation omitted)). Such a non-merits dismissal is by definition without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."); *cf. N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (dismissals for lack of jurisdiction are "by definition without prejudice").

For these reasons, we will vacate the District Court's dismissal of this case with prejudice and direct that dismissal be entered without prejudice. If Eldakroury's state prosecution, including any direct appeals, is resolved without reaching his federal claims and a justiciable controversy remains, he may commence a second lawsuit in federal court raising the same federal claims.