**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 23-2478

---

JOAN GILLHAM,

Appellant

v.

SUPREME COURT OF THE VIRGIN ISLANDS;
TANISHA BAILEY-ROKA, in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her individual capacity; and
VIRGIN ISLANDS BAR ASSOCIATION

---

On Appeal from the District Court
of the Virgin Islands
(District Court No. 1:22-cv-0044)
District Judge: Honorable Kent A. Jordan, Circuit Judge[1]

---

Argued: December 9, 2024

---

Before: CHAGARES, Chief Judge, MONTGOMERY-REEVES, and FISHER, Circuit Judges.

(Opinion filed: January 17, 2025)

---

[1] The Honorable Kent A. Jordan, Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation pursuant to 28 U.S.C. § 291(b).

Joan L. Gillham, Esq. [ARGUED]
P.O. Box 823921
Dallas, TX 75382

Counsel for Appellant

Timothy J. Anzenberger, Esq. [ARGUED]
Adams & Reese
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157

Evan A. Moeller, Esq.
Adams & Reese
1221 McKinney Street
Houston, TX 77010

Kevin A. Rames, Esq.
K A Rames
Suite 3
2111 Company Street
Christiansted, VI 00820

Counsel for Appellee Virgin Islands Bar Association

Paul L. Gimenez [ARGUED]
Superior Court of the Virgin Islands
Office of General Counsel
P.O. Box 70
St. Thomas, VI 00804

Pamela L. Colon, Esq. [ARGUED]
Suite 3
2155 King Cross Street
Christiansted, VI 00820

Counsel for Appellees Supreme Court of the Virgin Islands and Tanisha Bailey-Roka, in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her individual capacity

OPINION[*]

CHAGARES, Chief Judge.

Joan Gillham, an attorney proceeding pro se, challenges certain requirements to practice law in the Virgin Islands and the defendants' actions to enforce those requirements. The District Court dismissed Gillham's complaint and denied leave to amend. For the following reasons, we will affirm.

I.[2]

Joan Gillham is an attorney who practices law in the Virgin Islands and resides in Texas. As a lawyer practicing in the Virgin Islands, Gillham was subject to the jurisdiction's annual attorney registration requirement. Gillham alleges that she attempted in 2019 to file her registration statement and pay the accompanying fee, and the Virgin Islands Supreme Court rejected her filing but accepted the fee payment. Gillham re-filed her registration statement and paid the late fee, but the Virgin Islands Supreme Court issued an order stating that Gillham was not compliant with the annual registration requirement. Although Tanisha Bailey-Roka, chief disciplinary counsel for the Virgin Islands Supreme Court, later moved to dismiss the case against Gillham regarding her failure to comply with the annual registration requirement, the Virgin

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[2] We write primarily for the parties and so recite only those facts pertinent to our decision.

Islands Supreme Court case remains open because Gillham's motion for sanctions against Bailey-Roka is still pending.

Gillham also challenges the requirement that she include a physical business and home address, instead of a P.O. box, in her annual registration statement. Finally, Gillham challenges a 2021 rule proposed by the Virgin Islands Bar Association ("VIBA") and promulgated by the Virgin Islands Supreme Court that automatically confers reciprocal continuing legal education credit for several states but not Texas. Based on all of this, Gillham alleges violations of the Privileges and Immunities Clause and the Due Process Clause pursuant to 42 U.S.C. § 1983, as well as the Equal Protection Clause.

The defendants moved to dismiss and for judgment on the pleadings, and Gillham opposed the motions. The District Court held a status conference at which it reviewed the deficiencies in Gillham's complaint that had been identified in the defendants' motion papers and by the court's own review. The District Court granted Gillham an opportunity to move for leave to file an amended complaint, and Gillham did so. The District Court held that Gillham failed adequately to address those deficiencies, denied leave to amend, and dismissed the case. Gillham timely appealed.

## II.[3]

We exercise plenary review over the grant of a motion to dismiss or a motion for judgment on the pleadings. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir.

---

[3] The District Court had jurisdiction under 18 U.S.C. § 1331 and 48 U.S.C. § 1612. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2011). We review the denial of a motion for leave to amend for abuse of discretion. See Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 290 (3d Cir. 2014).

After consideration of all contentions raised by the appellant, we will affirm for substantially the same reasons articulated by the District Court. We write briefly to address Gillham's claim that the District Court erred in concluding that the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), justified the dismissal of her claims for damages. A district court may dismiss claims for injunctive relief but may not dismiss claims for damages based on Younger abstention. See Borowski v. Kean Univ., 68 F.4th 845, 850 (3d Cir. 2023). Nevertheless, a district court may dismiss a claim for damages on any other valid ground, including a determination that the defendants are immune from a claim for money damages. See Lui v. Comm'n, Adult Ent. of the State of Del., 369 F.3d 324, 328 (3d Cir. 2004).

The District Court articulated several independent grounds for the dismissal of Gillham's claim for damages. First, as the District Court noted, neither the Virgin Islands government nor its officers acting in their official capacities are "persons" that can be sued under § 1983. See Durant v. Husband, 28 F.3d 12, 14 n.1 (3d Cir. 1994). Second, the District Court held that Gillham failed meaningfully to address numerous dispositive issues raised by the District Court and the defendants, including that the defendants were immune from any damages claim because they enjoyed sovereign, absolute, or qualified immunity. Appendix 14. The District Court did not, as Gillham contends, dismiss her claims for damages or deny leave to amend based on Younger abstention.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.